Attorney No. 6270338

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RUTHIE GILBERT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 C 671 |
| | ) | |
| CITY OF WAUKEGAN, WAUKEGAN | ) | JUDGE KOCORAS |
| POLICE OFFICER AMARO, STAR #707, | ) | MAGISTRATE JUDGE MASON |
| AND UNKNOWN WAUKEGAN | ) | JURY TRIAL DEMANDED |
| POLICE OFFICERS, | ) | |
| Defendants. | ) | |

## DEFENDANTS' CONSOLIDATED ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, City of Waukegan, Officer Amaro, Star #707, and Unknown Waukegan Police Officers, by and through their attorney, Gretchen A. Neddenriep, of Diver, Grach, Quade & Masini, LLP, and as and for their Answer to the Plaintiff's Complaint, state as follows:

### INTRODUCTION

1. This action is brought under 42 U.S.C. 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

   **ANSWER:**

   Defendants admit that the Plaintiff purports to state a cause of action pursuant to 42 U.S.C.A. 1983.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

**ANSWER:**

Defendants admit that this court is vested with jurisdiction pursuant to 28 U.S.C.A. §§ 1331 and 1367.

3. Venue is proper as Plaintiff resides in this judicial district and Defendant City of Waukegan is a municipal corporation located here.  Further, the events giving rise to the claims asserted here all occurred within this district.

**ANSWER:**

Defendants admit that venue is proper.  Defendants admit that Defendant City of Waukegan is a municipal corporation located in the district.  Defendants admit that the events giving rise to the claims asserted here all occurred within this district.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of Plaintiff's Complaint, and therefore deny same.

## BACKGROUND

4. Plaintiff Ruthie Gilbert is thirty-eight years old.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint, and therefore deny same.

5. On or about June 23, 2007, Ms. Gilbert lived with Robert Hunter at 809 North County Street, Waukegan, Illinois.  Ms. Gilbert's Illinois State Identification verified that this was her legal residence.

**ANSWER:**

Defendants deny all the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. On or about June 23, 2007, Mr. Hunter threw Ms. Gilbert out of the residence in the early morning hours after a verbal confrontation.

    **ANSWER:**

    Defendants deny all of the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. After walking around the neighborhood for some time, Ms. Gilbert returned to the house on County Street. Ms. Gilbert initially hid in the basement, but then decided to retrieve some belongings and leave the residence.

    **ANSWER:**

    Defendants deny all of the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Ms. Gilbert proceeded upstairs to get her belongings. As soon as she reached the upstairs bedroom, Mr. Hunter jumped out of bed and knocked Ms. Gilbert to the floor. Mr. Hunter then jumped on top of Ms. Gilbert and drove his knee into her chest. Mr. Hunter then grabbed Ms. Gilbert by the head and repeatedly slammed the back of her head into the hardwood floor.

    **ANSWER:**

    Defendants deny all of the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. After slamming Ms. Gilbert's head into the hardwood floor several times, Mr. Hunter grabbed her by the hair and dragged her down the stairs.

**ANSWER:**

Defendants deny all of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Once at the bottom of the stairs, Mr. Hunter jumped on Ms. Gilbert while she lie prone at the foot of the stairs. Mr. Hunter then, again, repeatedly slammed Ms. Gilbert's face into the floor. While still on top of Ms. Gilbert, Mr. Hunter called the police.

    **ANSWER:**

    Defendants admit that Mr. Hunter called the police, but deny all of the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendants Amaro and unknown Waukegan Police Officers ("Defendant Officers") arrived at the residence in response to Mr. Hunter's call. When they arrived, Ms. Gilbert's face was extremely swollen, she had open cuts on her face, and there were marks indicating abuse all over her body. Mr. Hunter had absolutely no marks or injuries anywhere on his body.

    **ANSWER:**

    Defendants admit that Defendant Officers arrived in response to a call. Defendants deny all of the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Mr. Hunter informed the Defendant Officers that he, and not the battered Plaintiff, was the victim of domestic violence. Even though no prudent police officer could reasonably believe the account of the unharmed Mr. Hunter, the Defendant Officers placed Ms. Gilbert under arrest for domestic battery. Ms. Gilbert was never afforded a chance to give her opportunity to make a criminal complaint against Mr. Hunter for the abuse she suffered at his hands.

    **ANSWER:**

    Defendants admit that Mr. Hunter made a written complaint for both domestic battery and trespass against the Plaintiff and that Ms. Gilbert was arrested for domestic battery. Defendants deny all of the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13. After her arrest, Ms. Gilbert was transported to the Waukegan police station by the Defendant Officers. Once inside, Ms. Gilbert was handcuffed to a bench. Ms. Gilbert was repeatedly denied her requests for medical attention.

    **ANSWER:**

    Defendants admit that Ms. Gilbert was transported to the Waukegan police station by Defendant Officers after refusing medical treatment at the scene. Defendants deny all of the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

14. After some time, Ms. Gilbert was booked by the Waukegan police department. During the booking process, Ms. Gilbert began shaking, convulsing, and ultimately lost consciousness. Ms. Gilbert was rushed to Vista Medical Center where she was treated for a concussion and multiple contusions. Ms. Gilbert was then released into the custody of the Defendant Officers with instructions that she be kept under strict observation for at least 24 hours.

    **ANSWER:**

    Defendants admit that Ms. Gilbert was booked by the Waukegan Police Department and during the booking process lost consciousness and was rushed to Vista East Medical Center, and upon receiving medical treatment was released into the custody of the Defendant Officers. Defendants are without knowledge or information sufficient to form a belief as to the medical diagnosis and treatment Plaintiff received at Vista East

Hospital. Defendants deny all of the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Upon returning to the Waukegan police station, Ms. Gilbert was booked and placed into a cell. Ms. Gilbert stayed in the custody of the Waukegan Police until June 25, 2007. Ms. Gilbert was not given any medical attention while in custody despite the clear instructions of the doctors at Vista Medical Center.

   **ANSWER:**

   Defendants admit that upon being released from Vista East Medical Hospital, Ms. Gilbert was booked and placed into a cell until June 25, 2007, but deny all of the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Ms. Gilbert was charged with domestic battery. She was forced to attend court on August 15, 2007, where she pleaded not guilty. On September 26, 2007, the State's Attorney dropped the charges against Ms. Gilbert.

   **ANSWER:**

   Defendants are without knowledge or information sufficient to form a belief as to whether the State's Attorney dropped the charges and therefore deny same. Defendants admit all remaining allegations contained in paragraph 16 of Plaintiff's Complaint and affirmatively state that Ms. Gilbert was also charged with trespass.

## **LEGAL CLAIMS**

17. In the manner described more fully above, Defendants violated Plaintiff's constitutional rights, causing her damage. Among others, Defendants violated Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.

**ANSWER:**

Defendants deny all of the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants' conduct also constitutes state law malicious prosecution and intentional infliction of emotional distress in that they caused Plaintiff to be prosecuted for a crime she did not commit, all without probable cause.

    **ANSWER:**

    Defendants deny all of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants' conduct also constitutes state law false imprisonment in that they caused Plaintiff to be unlawfully and unreasonable imprisoned without justification.

    **ANSWER**

    Defendants deny all of the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. The misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others such that the Defendants' actions shock the conscience.

    **ANSWER:**

    Defendants deny all of the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. As a matter of both policy and practice, the City of Waukegan directly encourages the very type of misconduct at issue here. In this way, the City of Waukegan proximately caused the violation of Plaintiff's rights by maintaining policies and practices which were the moving force driving the foregoing constitutional violation.

    **ANSWER:**

Defendants deny all of the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. The above-described widespread practices, so well-settled as to constitute de facto policy in the City of Waukegan, were able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

    **ANSWER:**

    Defendants deny all of the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. The widespread practices described in the preceding paragraph were allowed to flourish because the City of Waukegan declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment.  Indeed, the City of Waukegan's system for investigating and disciplining police officers accused of misconduct was, and is, for all practical purposes, nonexistent.  As a result, officers are led to believe that they can act with impunity, thereby encouraging the very type of abuses which befell Plaintiff.

    **ANSWER:**

    Defendants deny the all of the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. All of the Defendants' interactions with Plaintiff and the criminal charges brought against her were undertaken under color of law, and within the scope of their employment.

    **ANSWER:**

    Defendants admit the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Because each of the Defendants acted within the scope of their employment, the City of Waukegan is therefore liable as their employer for any resulting damages and awards of attorneys' fees.

**ANSWER:**

Defendants admit that each of the Defendants acted within the scope of their employment, but deny that the City is liable as employer for any resulting damages or award of attorney's fees.

WHEREFORE, Defendants, City of Waukegan, Officer Amaro, Star #707 and Unknown Waukegan Police Officers, deny that Plaintiff is entitled to any judgment against the Defendants whatsoever and prays that the Court enter judgment in their favor and against Plaintiff with cost of suit.

## JURY DEMAND

The Defendants demand a trial by jury on all issues properly triable by jury herein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE - QUALIFIED IMMUNITY

As to all causes of action brought pursuant to 42 U.S.C. 1983, Defendants state that they are entitled to qualified immunity from suit as they did not violate any clearly established constitutional rights of the Plaintiff of which an objectively reasonable officer would have been aware at the time alleged in Plaintiffs' Complaint.

### SECOND AFFIRMATIVE DEFENSE – TORT IMMUNITY

As to all State law torts alleged, a public employee is not liable for his act or omission in the execution or enforcement of any law, unless such act or omission constitutes willful and wanton conduct.  745 ILCS 10/2-202.

### THIRD AFFIRMATIVE DEFENSE –TORT IMMUNITY

As to all state law torts alleged, except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204.

### FOURTH AFFIRMATIVE DEFENSE – ATTORNEYS' FEES

As to all State law torts alleged, there is no obligation under Illinois law to pay punitive or exemplary damages, costs or attorneys' fees.

### FIFTH AFFIRMATIVE DEFENSE

As to all causes of action alleged pursuant to 42 U.S.C. 1983, Defendant, City of Waukegan, as a municipal body cannot be obligated to pay punitive or exemplary damages. Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981); 745 ILCS 10/2-102.

### SIXTH AFFIRMATIVE DEFENSE – TORT IMMUNITY

As to all State law torts alleged and all causes of action brought pursuant to 42 U.S.C. 1983, the City of Waukegan is not liable for an injury resulting from an act or omission of its employee, where the employee is not liable. 745 ILCS 10/2-109.

## SEVENTH AFFIRMATIVE DEFENSE

As to all State law torts alleged, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.  745 ILCS 10/2-201.

## EIGHTH AFFIRMATIVE DEFENSE

As to all State law torts alleged, neither a local public entity nor a public employee is liable for injury proximately cases by the failure of the employee to furnish or obtain medical care for a prisoner in custody.  Defendants were not willful and wanton in their actions to summon or provide medical care for Plaintiff. 745 ILCS 10/4-105.

## NINTH AFFIRMATIVE DEFENSE

As to all State torts alleged, 735 ILCS 5/2-1116 provides that if a Plaintiff's contributory fault is 50% or more, the claim is barred.  Plaintiff's alleged injury and her alleged need for medical attention was not the result of Defendants' actions.  Plaintiff refused medical attention when it was initially offered to her at the scene.  Plaintiff's claim is barred for the reason that Plaintiff's contributory conduct amounted to or exceeded 50% of the total fault causing her injury.  In the event the trier of fact determines the Plaintiff's contributory fault is less than 50%, the Defendants request apportionment of damages as provided by 735 ILCS 5/2-1116.

## TENTH AFFIRMATIVE DEFENSE

As to all claims brought pursuant to 42 U.S.C. 1983, Defendants did not act with deliberate indifference in providing Plaintiff with medical care.

11

## **ELEVENTH AFFIRMATIVE DEFENSE**

As to all state law torts and claims brought pursuant to 42 U.S.C. 1983, Defendants had probable cause to arrest Plaintiff for various criminal offenses. 745 ILCS 10/2-208.

                                            CITY OF WAUKEGAN, WAUKEGAN
                                            POLICE OFFICER AMARO, STAR # 707,
                                            AND UNKNOWN WAUKEGAN POLICE
                                            OFFICERS, By their attorneys DIVER,
                                            GRACH, QUADE & MASINI, LLP

                                            By: /s/ Gretchen A. Neddenriep

Gretchen Neddenriep
DIVER, GRACH, QUADE & MASINI, LLP
Attorney for Defendants
Attorney No. 6270338
111 N. County Street
Waukegan, IL 60085
(847) 662-8611
(847) 662-2960 (fax)